STATE OF ARIZONA
DEPT. OF INSURANCE

AUG 0 8 2018

TIME 1:51 pm
SERVICE OF PROCESS

**SURRANO LAW OFFICES**
Attorneys at Law

7114 E. Stetson Dr., Suite 300
Scottsdale, Arizona 85251
Phone: (602) 264-1077
Fax: (602) 264-2213

Charles J. Surrano III (007732) cjs@surranolawfirm.com
John N. Wilborn (013714) jnw@surranolawfirm.com
Attorneys for Plaintiffs

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| GRUBER MOTORS, LLC, GRUBER INDUSTRIES, INC., PETER M. GRUBER, <br><br> Plaintiffs, <br><br> vs. <br><br> AUTO-OWNERS INSURANCE COMPANY, THE CONTINENTAL INSURANCE COMPANY, a CNA INSURANCE COMPANY, foreign insurers, <br><br> Defendants. | Case No. CV2018-005283 <br><br> **SUMMONS** <br><br> If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 <br> or <br> www.maricopalawyers.org <br> Sponsored by the <br> Maricopa County Bar Association |

TO: AUTO-OWNERS INSURANCE COMPANY

YOU ARE HEREBY SUMMONED and required to serve upon the Plaintiffs' attorneys, an Answer to the Complaint which is herewith served upon you, within 20 days, exclusive of the date of service, after service of this Summons upon you, if served within the State of Arizona, and within 30 days, exclusive of the day of service, if served without the State of Arizona. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. Ariz. R. Civ. P. 4, 5, 10(d).

1

The name and address of the Plaintiffs' attorneys are:

Charles J. Surrano III
John N. Wilborn
Surrano Law Offices
7114 East Stetson Drive, Suite 300
Scottsdale, Arizona 85251
602.264.1077
602.264.2213 facsimile

SIGNED AND SEALED this date: _____

CHRIS DeROSE
CLERK OF THE COURT

AUG 07 2018

By: _____
Deputy Clerk






AUG 0 7 2018
CHRIS DEROSE, CLERK
J. WAYBILL
DEPUTY CLERK

**SURRANO LAW OFFICES**
Attorneys at Law

7114 E. Stetson Dr., Suite 300
Scottsdale, Arizona 85251
Phone: (602) 264-1077
Fax: (602) 264-2213

Charles J. Surrano III (007732) cjs@surranolawfirm.com
John N. Wilborn (013714) jnw@surranolawfirm.com
Attorneys for Plaintiffs

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| GRUBER MOTORS, LLC, GRUBER INDUSTRIES, INC., PETER M. GRUBER, <br><br> Plaintiffs, <br><br> vs. <br><br> AUTO-OWNERS INSURANCE COMPANY, THE CONTINENTAL INSURANCE COMPANY, a CNA INSURANCE COMPANY, foreign insurers, <br><br> Defendants. | Case No.: CV2018-005283 <br><br> **COMPLAINT** |

Plaintiffs, Gruber Motors LLC, ("Gruber Motors"), Gruber Industries, Inc., ("Gruber Industries") and Peter M. Gruber ("Gruber"), collectively, ("Plaintiffs"), through counsel undersigned and pursuant to the Arizona Rules of Civil Procedure, hereby submit the following allegations for their Complaint:

1. That Plaintiff Gruber Motors is an Arizona limited liability company and is an Arizona resident and for all acts alleged herein resided in the State of Arizona, County of Maricopa.

1

2. That Gruber Motors was in the auto repair and refurbishing business, specializing in the repair and refurbishment of Tesla electric autos.

3. That Gruber Motors' principal place of business is 21442 N Central Ave, Phoenix, AZ 85024, and its mailing address is 21439 North 2nd Avenue, Phoenix, AZ 85027.

4. That Gruber Motors subleased the premises from Gruber Industries who had leased the property from Frederic D. Wilhelm & Associates.

5. That Plaintiff Gruber Industries is an Arizona company and is an Arizona resident and for all acts alleged herein resided in the State of Arizona, County of Maricopa.

6. That Gruber Industries' principal place of business is 21439 North 2nd Avenue, Phoenix, AZ, 85027.

7. That Plaintiff Peter M. Gruber is an Arizona citizen and is an Arizona resident and for all acts alleged herein resided in the State of Arizona, County of Maricopa.

8. That Defendant Auto-Owners Insurance Company ("Auto-Owners"), is a foreign insurance company licensed to sell and administer insurance in Arizona.

9. That Defendant Continental Insurance Company is a CNA Insurance company ("CNA"), a foreign insurance company licensed to sell and administer insurance in Arizona.

10. That Gruber Motors purchased several insurance policy coverage forms from Auto-Owners to cover its business property and to protect it from liability.

11. That the Auto-Owners insurance policies include: Umbrella Form Policy for liability No. 50-939-314-01, Garagekeepers No. 164625-45939314-16,

and Garagekeeper's Liability No. 50-939-314-00; the policies include coverage for building and personal property, as well as liability of Gruber Motors, with effective dates of November 11, 2016 to November 11, 2017.

12. That this Auto-Owners policies were in force on May 5, 2017.

13. That Auto-Owners coverages includes $300,000 for damage to any premises rented by Gruber Motors.

14. That the Auto-Owners coverages includes $1,000,000 for personal injury and property damage liability.

15. That the Auto-Owners policies also cover personal property and inventory.

16. That the Auto-Owners policies cover personal property owned by others.

17. That the Auto-Owners policies cover newly acquired business personal property in the amount of $500,000 for ninety days after acquisition.

18. That the Auto-Owners policies cover the actual loss sustained for lost business income and extra expense.

19. That the Auto-Owners Garage Keepers policy states:

When GARAGEKEEPERS DIRECT PRIMARY COVERAGE is shown in the Declarations, we shall pay up to the limit of insurance shown in the Declarations for which you become obligated to pay as damages:
  a. Without regard to your legal liability; and
  b. Without regard to any other insurance available to the owner or lessee of such autos . . .

20. That the Auto-Owners Garage Keepers policy states:

We shall pay for direct physical loss of or direct physical damage to an auto . . . not owned, leased or rented by you, caused by a peril insured against, when such auto . . . or its equipment is in your care, custody or control for:
  a. Storage;

3

    b.   Service; or
    c.   Repair while at a location shown in the Declarations . . .
We shall pay for direct physical loss of or direct physical damage to an auto. . . not owned, leased or rented by you . . .

21. That the CNA insurance policy No. 6018153126 is a BPP policy coverage Form that includes coverage for building and personal property, as well as liability of Gruber Industries, with effective dates of July 1, 2016 to July 1, 2017.

22. That the CNA policy insured locations at 21438 N. Central Ave., 21439 N. 2nd Ave, 21613 N. 2nd Ave, and 21615 N. 2nd Ave, Phoenix, AZ 85024.

23. That Gruber Industries owned several Tesla autos and stored them at the Gruber Motors facility.

24. That the CNA policy covers newly acquired business personal property in the amount of $1,000,000 for 180 days after acquisition.

25. That the CNA policy covers personal property in the blanket amount of $5.25 million.

26. That the CNA policy states that it will pay for "direct physical loss of or damage to personal property, at a location directly caused by a covered peril."

27. That fire is a covered peril.

28. That both the Auto-Owners policy and the CNA policy contain "Other Insurance" clauses.

29. That both the Auto-Owners policy and the CNA policy contain pro rata sharing clauses.

30. That Gruber Motors also stored an inventory of Tesla parts at the Gruber Motors facility.

4

31. That Peter Gruber is the principal shareholder and CEO of Gruber Industries.
32. That Peter Gruber personally owned autos that he kept stored at the Gruber Motors facility.
33. Peter Gruber is an insured as that term is used in both the Auto-Owners and CNA policies.
34. That a fire occurred at the Gruber Motors facility on May 5, 2017.
35. That a lithium battery overheated and ignited causing the fire.
36. That when the fire department arrived they could not eradicate the fire and allowed it to burn itself out.
37. That the fire department required that fencing and shoring be placed around the burned out building for safety purposes and recommended that the landowner and/or Gruber Motors call DC Restoration.
38. That DC Restoration arrived and began placing the fencing and shoring.
39. That nobody was allowed on the property until the Defendants' investigators were allowed to enter the property and perform their investigation.
40. The fire department ruled the fire was caused accidently.
41. That fire is a covered cause of loss under the Defendants' policy.
42. That, thereafter, CNA and Auto-Owners began a claim investigation.
43. That on June 2, 2017 Auto-Owners admitted that the loss is covered when it issued an advance payment of $50,000 to Gruber Motors.
44. That CNA made an advance payment of $50,000 and then later another advance payment of $200,000.
45. That to assist in the claim, Gruber Motors and Gruber Industries hired a public adjuster Bruce Horowitz, AJR Public Adjusters.

5

46. That Bruce Horowitz catalogued and prepared an inventory of the loss and presented the inventory of the loss to Auto-Owners and CNA.
47. That since the early payments made by each Defendant on the claim, no payments have been made.
48. That after October of 2017, Auto-Owners failed to contact or communicate with Gruber Motors other than to hire an attorney and require Gruber Motors' principals to attend an Examination Under Oath (EUO).
49. That, thereafter, until December, 2017, Auto-Owners did not communicate its intentions. In December 2017, Auto-Owners implied that the delay in the EUO was due to Gruber Motors and Gruber Industries still updating its claim information.
50. That the EUO did not occur until April 27, 2018 at which time Gruber Motors' employee, Mark Schaeffner explained the claim and cooperated with the investigation.
51. That Auto-Owners has more than enough information upon which to make a claim decision.
52. That Auto-Owners has unreasonably delayed its claim decision.
53. That, thereafter, and through the filing of this lawsuit Auto-Owners has issued no other checks to Gruber Motors and has not yet made any coverage decision on the claim.
54. That DC Restoration made a demand for payment of its services placing shoring and fencing on the property.
55. That Auto-Owners knew that the DC Restoration invoice is a covered cost under the insurance policy.
56. That Auto-Owners failed or refused to pay the DC Restoration invoice.

57. That as a result of the Auto-Owners failure or refusal, Gruber Motors has been sued for non-payment by DC Restoration.
58. That Auto-Owners has refused to hire defense counsel or otherwise settle the DC Restoration claim.
59. That Gruber Motors has incurred needless legal expenses to defend the DC Restoration claim.
60. That Peter Gruber made a claim for loss of his personal vehicles, a 2011 Tesla Roadster and a 2008 Dodge Viper ACR through his Philadelphia Insurance policy.
61. That Philadelphia Insurance paid a reasonable sum for the loss of the vehicle, entitling it to subrogation rights under the policy.
62. That Philadelphia Insurance made a demand on Auto-Owners in subrogation.
63. That Auto-Owners failed or refused to pay this claim.
64. That on May 31, 2018, as a direct result of Auto-Owners' failure or refusal to settle a covered third party claim, Gruber Motors has been sued and has been forced to retain counsel.
65. That Auto-Owners has only recently hired defense counsel to defend Gruber Motors, but not before Gruber Motors incurred needless legal expenses.
66. That on March 2, 2018, CNA denied coverage as a primary carrier for any damages sustained in the loss and deciding that it would pay no money until Auto-Owners made a decision on who was the primary insurer for the loss.
67. That CNA has never provided an accounting for the payments they made, in order to establish that its advance payments were reasonable. The

7

1  Plaintiffs allege that reasonable values for the replacement of the Gruber
2  Industry personal property were beyond the amounts of advance payments
3  received from CNA.
4  68. That CNA covered Gruber Industries for its rights in the location of the
5  fire, but has refused to acknowledge that it may owe Gruber Industries
6  indemnification for the DC Restoration claim, because it has received
7  notice of the claim, even though Gruber Industries has yet to be named.

## COUNT ONE: BREACH OF CONTRACT

69. That Plaintiffs hereby reallege and restate each and every allegation of the foregoing, as if fully set forth herein.
70. That the Auto-Owners insurance policy is a contract.
71. That the CNA policy is a contract.
72. That Defendants' ultimate refusal to pay reasonable repairs and expenses of the investigation, reasonable and covered losses and/or covered damages incurred as a result of the covered event, constitute a breach of the insurance contract. In addition, the law requires Defendants to act on its contractual obligations within a reasonable period of time. The failure to timely act also constitutes a breach of the insurance contract.
73. That as a direct and proximate result, Plaintiff has been injured.
74. That due to Defendant's breach, Plaintiffs are entitled to actual and consequential damages arising from the breach.

## COUNT TWO: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

75. That Plaintiffs hereby reallege and restate each and every allegation of the foregoing, as if fully set forth herein.

76. That inherent in each and every contract of insurance there arises the implied duty of good faith and fair dealing. That as a direct and proximate result of the Defendants' conduct in adjusting and ultimately denying a portion of Plaintiffs' claim, delaying the claim beyond a reasonable time creating a *de facto* denial of coverage, Defendant has breached the duty of good faith and fair dealing. The breach of the duty of good faith and fair dealing occurred, including but not limited to, the following conduct:

   a. Failing to treat the insured with equal consideration with regard to the actual merits of Plaintiffs' complaints about persistent smoke damage and odor issues;

   b. Failing to timely, promptly and reasonably investigate the covered loss;

   c. Unreasonably failing to consider relevant clauses in the insurance policy that obligate the insurers to agree on how to decide joint coverage issues without forcing the insured to bear the financial burden of the loss;

   d. Unreasonably delaying covered payouts;

   e. Failing to take affirmative steps to decide coverage issues;

   f. Failing to promptly and effectively communicate to the Plaintiffs all the possible coverages that might apply to their loss and that would inure to their benefit, ignoring the industry standard to disclose all coverages;

   g. Refusing thereafter to compensate all additional expenses incurred.

   h. Exposing the insured to lawsuits without accepting the duty to defend and indemnify;

9

     i. Failing to acknowledge that third party claims are available to make the Plaintiffs whole;

     j. Failing to cooperate in a pro rata sharing arrangement and refusing to make any payments, thereby forcing the Plaintiffs to bear the financial burden of the fire loss.

77. That the conduct of the Defendants has caused damage to the Plaintiffs and continues to cause damage to the Plaintiffs.

78. That in addition, Defendants have acted with a conscious disregard of the substantial likelihood that harm would result from its actions.

79. That upon information and belief Defendants have acted in a similar manner to other insureds in Arizona whose claims have been delayed or denied by sufficiently similar unreasonable conduct such that it established a consistent pattern and practice of consciously unreasonable conduct, supporting an award of punitive damages.

**WHEREFORE**, Plaintiffs seek judgment be entered in their favor and against Defendants, as follows:

1. For an amount of special damages to be determined at trial;
2. For an amount of general damages to be determined at trial;
3. For an amount of punitive damages sufficient to punish the Defendant and to deter future conduct, to cure it and other like-minded insurance companies, of similar conduct in the future;
4. For attorneys' fees;
5. For all taxable costs incurred; and
6. For other just and further relief as this court deems proper in the premises.

///

DATED this ___7th___ day of August, 2018.

SURRANO LAW OFFICES

By: _____
Charles J. Surrano, III
John N. Wilborn
Attorneys for Plaintiffs

11

**SURRANO LAW OFFICES**
Attorneys at Law

7114 E. Stetson Dr., Suite 300
Scottsdale, Arizona 85251
Phone: (602) 264-1077
Fax: (602) 264-2213

Charles J. Surrano III (007732) cjs@surranolawfirm.com
John N. Wilborn (013714) jnw@surranolawfirm.com
Attorneys for Plaintiffs

COPY
AUG 0 7 2018
CHRIS DEROSE, CLERK
J. WAYBILL
DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| GRUBER MOTORS, LLC, GRUBER INDUSTRIES, INC., PETER M. GRUBER, <br><br> Plaintiffs, <br><br> vs. <br><br> AUTO-OWNERS INSURANCE COMPANY, THE CONTINENTAL INSURANCE COMPANY, a CNA INSURANCE COMPANY, foreign insurers, <br><br> Defendants. | Case No.: <br> **CV2018-005283** <br><br> **CERTIFICATE REGARDING COMPULSORY ARBITRATION** |

The undersigned certifies that the largest award sought by the Complaint, including punitive damages, but excluding interest, attorneys' fees, and costs <u>does</u> exceed the limits set by local Rule for compulsory arbitration. This case <u>is not</u> subject to the Uniform Rules of Procedure for Arbitration.

DATED this 7th day of August, 2018.

SURRANO LAW OFFICES

By: /s/ 
Charles J. Surrano, III
John N. Wilborn
Attorneys for Plaintiffs

1



**SURRANO LAW OFFICES**
Attorneys at Law

7114 E. Stetson Dr., Suite 300
Scottsdale, Arizona 85251
Phone: (602) 264-1077
Fax: (602) 264-2213

Charles J. Surrano III (007732) cjs@surranolawfirm.com
John N. Wilborn (013714) jnw@surranolawfirm.com
Attorneys for Plaintiffs

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| GRUBER MOTORS, LLC, GRUBER INDUSTRIES, INC., PETER M. GRUBER, <br><br> Plaintiffs, <br><br> vs. <br><br> AUTO-OWNERS INSURANCE COMPANY, THE CONTINENTAL INSURANCE COMPANY, a CNA INSURANCE COMPANY, foreign insurers, <br><br> Defendants. | Case No.: CV2018-005283 <br><br> **REQUEST FOR TRIAL BY JURY** |

Pursuant to Rule 38(b), Arizona Rules of Civil Procedure, demand is hereby made for trial by jury of all issues in the above-entitled action.

DATED this _____ day of August, 2018.

SURRANO LAW OFFICES

By: _____
Charles J. Surrano, III
John N. Wilborn
Attorneys for Plaintiffs

1