Kevin C. Barrett, State Bar No. 020104
Jennifer M. Bahling, State Bar No. 013260
**Barrett & Matura, P.C.**
8925 E. Pima Center Pkwy., Suite 100
Scottsdale, Arizona 85258
Telephone: (602) 792-5705
Facsimile: (602) 792-5710
kbarrett@barrettmatura.com
jbahling@barrettmatura.com

*Attorneys for Defendant Auto-Owners Insurance Company*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Gruber Motors, LLC, Gruber Industries, Inc., Peter M. Gruber,<br><br>Plaintiffs,<br>v.<br><br>Auto-Owners Insurance Company, The Continental Insurance Company, a CNA Insurance Company, foreign insurers,<br><br>Defendants. | Case No.: 2:18-cv-02760-DJH<br><br>**DEFENDANT AUTO-OWNERS INSURANCE COMPANY'S ANSWER** |

Defendant Auto-Owners Insurance Company ("Auto-Owners"), by and through counsel undersigned, hereby files its Answer to Plaintiff's Complaint and admits, denies and alleges as follows. The numbered paragraphs below correspond to the numbered paragraphs in the Complaint.

1. Auto-Owners admits the allegations in this paragraph.

2. Auto-Owners admits the allegations in this paragraph.

3. Auto-Owners has insufficient information or knowledge to admit or deny the allegations in this paragraph and therefore denies same.

4. Auto-Owners has insufficient information or knowledge to admit or deny the allegations in this paragraph and therefore denies same.

5. Auto-Owners admits the allegations in this paragraph.

6. Auto-Owners has insufficient information or knowledge to admit or deny the allegations in this paragraph and therefore denies same.

7. Auto-Owners admits the allegations in this paragraph.

8. Auto-Owners admits the allegations in this paragraph.

9. Auto-Owners admits the allegations in this paragraph.

10. Auto-Owners admits that it issued a Tailored Protection Policy to Gruber Motors, LLC, which included Commercial Property Coverage and Garage Liability Coverage. Auto-Owners denies any remaining allegations in this paragraph.

11. Auto-Owners admits that it issued a Tailored Protection Policy, Policy No. 164625-45939314, effective 11/01/16 – 11/01/17 ("the Policy"). Auto-Owners admits the Policy includes Commercial Property Coverage. Auto-Owners admits it issued Coverage Part 50-939-314-00, as part of the Tailored Protection Policy, and that the Policy and Coverage Part includes Garage Liability Coverage (with Garagekeepers Coverage). Auto-Owners denies the remaining allegations in this paragraph.

12. Auto-Owners admits that the policies referenced in the above paragraph 11 were in force on May 5, 2017.

13. Auto-Owners admits that the Garage Liability Coverage includes a limit of $300,000 for Damage to Premises Rented to You, subject to the terms and conditions of the Policy.

14. Auto-Owners admits that the Garage Liability Coverage includes a limit of $1,000,000 for Combined Bodily Injury and Property Damage Liability and for Personal Injury and Advertising Injury, subject to the terms and conditions of the Policy.

15. Auto-Owners admits that the Policy includes coverage for certain business personal property, subject to the limits, terms and conditions of the Policy.

16. Auto-Owners admits that the Policy includes coverage for certain personal property owned by others, subject to the limits, terms and conditions of the Policy.

1      17.     Auto-Owners admits that the Policy includes a limit of $500,000 for Newly
2 Acquired Business Personal Property, subject to the terms and conditions of the Policy.
3      18.     Auto-Owners admits that the Policy provides certain coverage for the actual loss
4 sustained for Business Income and Extra Expense, subject to the terms and conditions of the
5 Policy.
6      19.     Auto-Owners admits this language is included in the Policy but denies this is a full
7 and accurate description of the Policy language or coverage.
8      20.     Auto-Owners admits this language is included in the Policy but denies this is a
9 full and accurate description of the Policy language or coverage.
10     21.     Auto-Owners has insufficient information or knowledge to admit or deny the
11 allegations in this paragraph and therefore denies same.
12     22.     Auto-Owners has insufficient information or knowledge to admit or deny the
13 allegations in this paragraph and therefore denies same.
14     23.     Auto-Owners has insufficient information or knowledge to admit or deny the
15 allegations in this paragraph and therefore denies same.
16     24.     Auto-Owners has insufficient information or knowledge to admit or deny the
17 allegations in this paragraph and therefore denies same.
18     25.     Auto-Owners has insufficient information or knowledge to admit or deny the
19 allegations in this paragraph and therefore denies same.
20     26.     Auto-Owners has insufficient information or knowledge to admit or deny the
21 allegations in this paragraph and therefore denies same.
22     27.     Auto-Owners admits that its Policy provides certain coverage for damage related
23 to fire.  Auto-Owners has no information or knowledge to admit or deny the allegations relating
24 to the CNA policy and therefore denies same.
25     28.     Auto-Owners has insufficient information or knowledge to admit or deny the
26 allegations of this paragraph and therefore denies same.
27

29. Auto-Owners has insufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies same.

30. Auto-Owners has insufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies same.

31. Auto-Owners has insufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies same.

32. Auto-Owners has insufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies same.

33. Auto-Owners has insufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies same.

34. Auto-Owners admits the allegations of this paragraph.

35. Auto-Owners has insufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies same.

36. Auto-Owners has insufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies same.

37. Auto-Owners has insufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies same.

38. Auto-Owners has insufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies same.

39. Auto-Owners has insufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies same.

40. Auto-Owners has insufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies same.

41. Auto-Owners admits its Policy provides certain coverage for damage related to fire.  Auto-Owners has no information or knowledge to admit or deny the allegations relating to the CNA policy and therefore denies same.

42. Auto-Owners admits that it began a claim investigation. Auto-Owners has insufficient information or knowledge to admit or deny the remaining allegations in this paragraph and therefore denies same.

43. Auto-Owners denies the allegations in this paragraph.

44. Auto-Owners has insufficient information or knowledge to admit or deny the allegations in this paragraph and therefore denies same.

45. Auto-Owners has insufficient information or knowledge to admit or deny the allegations in this paragraph and therefore denies same.

46. Auto-Owners admits that it received a spreadsheet of alleged damage or losses. Auto-Owners has insufficient information or knowledge to admit or deny the remaining allegations in this paragraph and therefore denies same.

47. Auto-Owners denies the allegations in this paragraph.

48. Auto-Owners denies the allegations in this paragraph.

49. Auto-Owners denies the allegations in this paragraph.

50. Auto-Owners admits that Mark Schaeffner attended and participated in an examination under oath, on behalf of Gruber Motors, on April 27, 2018.

51. Auto-Owners denies the allegations in this paragraph.

52. Auto-Owners denies the allegations in this paragraph.

53. Auto-Owners denies the allegations in this paragraph.

54. Auto-Owners admits the allegations in this paragraph.

55. Auto-Owners denies the allegations in this paragraph.

56. Auto-Owners denies the allegations in this paragraph.

57. Auto-Owners denies the allegations in this paragraph.

58. Auto-Owners denies the allegations in this paragraph.

59. Auto-Owners has insufficient information or knowledge to admit or deny the allegations in this paragraph and therefore denies same.

60. Auto-Owners has insufficient information or knowledge to admit or deny the allegations in this paragraph and therefore denies same.

61. Auto-Owners has insufficient information or knowledge to admit or deny the allegations in this paragraph and therefore denies same.

62. Auto-Owners admits the allegations in this paragraph.

63. Auto-Owners denies the allegations in this paragraph.

64. Auto-Owners denies the allegations in this paragraph.

65. Auto-Owners denies the allegations in this paragraph.

66. Auto-Owners has insufficient information or knowledge to admit or deny the allegations in this paragraph and therefore denies same.

67. Auto-Owners has insufficient information or knowledge to admit or deny the allegations in this paragraph and therefore denies same.

68. Auto-Owners has insufficient information or knowledge to admit or deny the allegations in this paragraph and therefore denies same.

## COUNT ONE: BREACH OF CONTRACT

69. Auto-Owners reasserts its responses to Paragraphs 1-68.

70. Auto-Owners admits the allegations in this paragraph.

71. Auto-Owners has insufficient information or knowledge to admit or deny the allegations in this paragraph and therefore denies same.

72. Auto-Owners denies the allegations in this paragraph.

73. Auto-Owners denies the allegations in this paragraph.

74. Auto-Owners denies the allegations in this paragraph.

## COUNT TWO: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

75. Auto-Owners reasserts its responses to Paragraphs 1-74.

76. Auto-Owners denies the allegations in this paragraph.

77. Auto-Owners denies the allegations in this paragraph.

1    78.  Auto-Owners denies the allegations in this paragraph.

2    79.  Auto-Owners denies the allegations in this paragraph.

## GENERAL DENIAL

Auto-Owners denies each and every allegation in the Complaint not specifically admitted herein.

## JURY DEMAND

Auto-Owners demands a jury trial on all claims that support such a demand.

## AFFIRMATIVE DEFENSES

For additional defenses, both affirmative and otherwise, Auto-Owners alleges as follows:

a. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

b. Plaintiffs failed to comply with the terms, provisions and conditions precedent of the policy.

c. The Policy from which Plaintiffs seek recovery does not provide coverage for all of the losses and damages claimed by Plaintiff.

d. Auto-Owners acted in good faith at all relevant times.

e. Statute of limitations; release; waiver; comparative fault; collateral estoppel; failure to mitigate; mistake; assumption of risk; intervening or superseding cause; failure of consideration; and offset. Auto-Owners also incorporates all defenses set forth in FRCP 8(c).

WHEREFORE, Auto-Owners requests that this Court grant the following relief:

a.  Dismissal of the Complaint in its entirety;

b.  Judgment in favor of Auto-Owners on all claims;

c.  An award of reasonable attorneys' fees and costs incurred pursuant to A.R.S. § 12-341.01 and all other applicable statutes and regulations; and

d.  Any other relief deemed appropriate by this Court.

Dated this 7th day of September, 2018.

**BARRETT & MATURA, P.C.**


By  /s/ Kevin C. Barrett
   Kevin C. Barrett
   Jennifer M. Bahling
   8925 E. Pima Center Pkwy., Suite 100
   Scottsdale, Arizona 85258
   *Attorneys for Defendant Auto-Owners Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2018, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of Electronic filing to the following CM/ECF registrants:

Charles J. Surrano III
John N. Wilborn
Surrano Law Offices
7114 E. Stetson Drive, Suite 300
Scottsdale, AZ 85251
*Attorneys for Plaintiffs*

Charles F. Richards
Richards Law Office, P.C.
3550 N. Central Avenue, Suite 1400
Phoenix, AZ 85012
*Attorneys for Defendant Continental Insurance Company*

/s/*Carolyn Harrington Marsh*
Carolyn Harrington Marsh