Charles F. Richards (010428)
RICHARDS LAW OFFICE, P.C.
3550 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
(602) 277-8449
(602) 277-8447 (FAX)
cfr@rlopc.com
Attorneys for Defendant Continental Insurance Company

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Gruber Motors, LLC, Gruber Industries, Inc., Peter M. Gruber,<br><br>Plaintiff,<br><br>vs.<br><br>Auto-Owners Insurance Company, The Continental Insurance Company, a CNA Insurance Company, a foreign insurers,<br><br>Defendants. | Case No. 2:18-CV-02760-DJH<br><br>**CONTINENTAL INSURANCE COMPANY'S ANSWER TO COMPLAINT AND JURY DEMAND** |

Defendant, Continental Insurance Company ("CIC"), for itself and no other defendant, answers and responds to the complaint of plaintiffs, Gruber Motors, LLC, Gruber Industries, Inc. and Peter M. Gruber as follows:

1. CIC admits the allegations set forth in Paragraphs 1 and 2.

2. CIC does not have sufficient information to admit or deny the allegations set forth in Paragraphs 3 and 4 and, therefore, denies these allegations.

3. CIC admits the allegations set forth in Paragraph 5.

4. CIC does not have sufficient information to admit or deny the allegations set forth in Paragraph 6 and therefore, denies these allegations.

5. CIC admits the allegations set forth in Paragraphs 7 and 8.

6. CIC admits that it is a foreign insurance company licensed to sell and administer insurance in Arizona. CIC denies the remaining allegations set forth in Paragraph 9.

7. CIC asserts that the allegations in Paragraphs 10 through 20 are not directed toward CIC and asserts that no answers to such paragraphs from CIC are necessary or proper. In the event answers to these paragraphs are deemed to be necessary, CIC denies the allegations in such paragraphs.

8. In response to the allegations in Paragraph 21, CIC admits that it issued a commercial insurance policy to Gruber Industries, Inc., known as Policy No. PMT6018153126, for the policy period of July 1, 2016 to July 1, 2017 (CIC Policy), which policy does extend coverage for buildings and personal property as stated within and subject to the terms, conditions, definitions, limitations, exclusions and endorsements all of which are in writing and speak for themselves. CIC denies all allegations set forth in Paragraph 21 not expressly admitted.

9. CIC admits that, subject to all of the terms, conditions, definitions, limitations, exclusions and endorsements, which speak for themselves, the CIC Policy insured the four locations identified in Paragraph 22. CIC denies all allegations set forth in Paragraph 22 not expressly admitted.

10. CIC does not have sufficient information to admit or deny the allegations set forth in Paragraph 23 and therefore, denies these allegations.

11. In response to the allegations in Paragraph 24, CIC admits that, subject to all of the terms, conditions, definitions, limitations, exclusions and endorsements, which speak for themselves, the CIC Policy extends certain coverage for newly acquired property up to 180 days and up to the amount of $1,000,000. CIC denies all allegations set forth in Paragraph 24 not expressly admitted.

12. In response to the allegations in Paragraph 25, CIC admits that, subject to all of the terms, conditions, definitions, limitations, exclusions and endorsements, which speak for themselves, the CIC Policy extends certain coverage for blanket personal property at

certain locations up to the amount of $5,250,000. CIC denies all allegations set forth in Paragraph 25 not expressly admitted.

    13. In response to the allegations in Paragraph 26, CIC admits that, subject to all of the terms, conditions, definitions, limitations, exclusions and endorsements, which speak for themselves, the CIC Policy states "The Insurer will pay for direct physical loss of or damage to personal property, at a location directly caused by a covered peril." CIC denies all allegations set forth in Paragraph 26 not expressly admitted.

    14. CIC admits the allegations set forth in Paragraph 27.

    15. In response to the allegations in Paragraph 28, CIC admits that, subject to all of the terms, conditions, definitions, limitations, exclusions, endorsements, and any and all other provisions, all of which are incorporated herein by reference, the CIC Policy contains one or more provisions that relate to an "other insurance" clause. CIC does not have sufficient information to admit or deny the allegations in Paragraph 28 concerning the content of or specific clauses within the Auto-Owners policy. CIC denies all allegations set forth in Paragraph 28 not expressly admitted.

    16. In response to the allegations in Paragraph 29, and subject to all of the terms, conditions, definitions, limitations, exclusions, endorsements, and any and all other provisions, all of which are incorporated herein by reference, the CIC Policy does not contain a "pro rata" sharing clause, but rather an "excess" clause. CIC does not have sufficient information to admit or deny the allegations in Paragraph 29 concerning the content of or specific clauses within the Auto-Owners policy. CIC denies all allegations set forth in Paragraph 29 not expressly admitted.

    17. CIC does not have sufficient information to admit or deny the allegations set forth in Paragraphs 30 through 32 and therefore, denies these allegations.

    18. CIC denies the allegations set forth in Paragraph 33.

    19. CIC admits the allegations set forth in Paragraph 34.

    20. CIC does not have sufficient information to admit or deny the allegations set forth in Paragraphs 35 through 40 and therefore, denies these allegations.

21.     In response to the allegations in Paragraph 41, CIC admits that, subject to all of the terms, conditions, definitions, limitations, exclusions and endorsements, all of which speak for themselves, fire is a covered peril under the terms of the CIC Policy.  CIC denies all allegations set forth in Paragraph 41 not expressly admitted.

22.     CIC admits the allegations set forth in Paragraph 42.

23.     CIC does not have sufficient information to admit or deny the allegations set forth in Paragraph 43 and therefore, denies these allegations.

24.     CIC admits the allegations set forth in Paragraph 44.

25.     CIC does not have sufficient information to admit or deny the allegations set forth in Paragraphs 45 through 63 and therefore, denies these allegations.

26.     CIC admits Philadelphia Insurance Company initiated suit on May 31, 2018, against Gruber Motors LLC in Maricopa County Superior Court No. CV2018-054423, but further asserts it does not have sufficient information to admit or deny the remaining allegations set forth in Paragraph 64 and therefore, denies these allegations.

27.     CIC does not have sufficient information to admit or deny the allegations set forth in Paragraph 65 and therefore, denies these allegations.

28.     CIC denies the allegations set forth in Paragraphs 66 through 68.

**COUNT ONE: BREACH OF CONTRACT**

29.     Answering paragraph 69 which incorporates the allegations of other paragraphs of the Complaint, CIC incorporates its answers to the specific paragraphs incorporated therein.

30.     CIC does not have sufficient information to admit or deny the allegations set forth in Paragraph 70 and therefore, denies these allegations.

31.     CIC admits the allegations set forth in Paragraphs 71.

32.     CIC denies the allegations set forth in Paragraphs 72 through 74.

**COUNT TWO: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

33. Answering paragraph 75 which incorporates the allegations of other paragraphs of the Complaint, CIC incorporates its answers to the specific paragraphs incorporated therein.

34. CIC denies the allegations set forth in Paragraphs 76 through 79.

35. Though no response may be required, CIC denies Plaintiffs are entitled to the relief sought in their Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without limiting the foregoing, CIC also asserts that the complaint is or may be barred or limited by one or more of the following affirmative defenses. The statement of any defense hereinafter does not assume the burden of proof for any issue.

## FIRST AFFIRMATIVE DEFENSE

36. The complaint, and each cause of action purportedly set forth therein, fails to state facts sufficient to constitute a cause of action against CIC upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

37. Plaintiffs' claims against CIC are subject to, barred and/or limited, in whole or in part, by the exclusions, conditions, limitations and endorsements of the CIC Policy on which Plaintiffs sue, the terms of which are incorporated by reference.

## THIRD AFFIRMATIVE DEFENSE

38. Plaintiffs' claims are barred to the extent that it seeks recovery for damages or losses that do not come within the scope of coverage provided by the CIC Policy or which fall within any policy exclusions or endorsements.

## FOURTH AFFIRMATIVE DEFENSE

39. Plaintiffs' claims are barred to the extent that the insured in the CIC Policy has not performed its obligations or otherwise has not fully complied with the terms and conditions of the CIC Policy.

## FIFTH AFFIRMATIVE DEFENSE

40. Plaintiffs' claims are subject to and/or barred or limited, in whole or in part, to the extent of the definitions, exclusions, and/or limitations pertaining to loss or damage to "covered property" within the CIC Policy.

### SIXTH AFFIRMATIVE DEFENSE

41. Plaintiffs' claims are subject to and/or barred or limited, in whole or in part, to the extent of the provision pertaining to the definition of Named Insured within the CIC Policy.

### SEVENTH AFFIRMATIVE DEFENSE

42. Plaintiffs' claims are subject to and/or barred or limited, in whole or in part, to the extent of the definitions, exclusions, and/or limitations pertaining to "real property" within the CIC Policy.

### EIGHTH AFFIRMATIVE DEFENSE

43. Plaintiffs' claims are barred to the extent applicable because CIC acted in a reasonable and good faith manner in investigating, considering and evaluating Plaintiffs' request for coverage under the CIC Policy.

### NINTH AFFIRMATIVE DEFENSE

44. Plaintiffs' claims are barred or limited to the extent Plaintiffs violated any condition precedent to coverage.

### TENTH AFFIRMATIVE DEFENSE

45. Plaintiffs' claims are barred or limited, in whole or in part, by the defense of a bona fide, good faith dispute over the existence of coverage for the damages on which Plaintiffs sue.

### ELEVENTH AFFIRMATIVE DEFENSE

46. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to take reasonable measures to mitigate, minimize or avoid any loss or damage allegedly sustained.

### TWELFTH AFFIRMATIVE DEFENSE

47. Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, release, unclean hands, payment, accord and satisfaction, and/or estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

48. Plaintiffs' claims are barred to the extent that the insured has not performed its obligations or otherwise has not fully complied with the terms and conditions within Arizona Changes endorsement in the CIC Policy.

### FOURTEENTH AFFIRMATIVE DEFENSE

49. Plaintiffs' claims for damages or losses for which recovery is sought are limited or barred by Plaintiffs' own contributory negligence, or the independent and intervening negligence of third-parties over which CIC had no control.

### FIFTEENTH AFFIRMATIVE DEFENSE

50. The complaint, and each cause of action therein, does not describe the underlying claims and lawsuits with sufficient particularity to permit CIC to ascertain whether there may be other defenses, including other defenses based on the terms, definitions, exclusions, conditions, or limitations in the CIC Policy, and therefore CIC reserves the right to amend this answer and to assert all defenses that may pertain to the complaint as further information is developed and obtained.

### SIXTEENTH AFFIRMATIVE DEFENSE

51. Plaintiffs' claims are subject to and/or barred or limited, in whole or in part, to the extent of the definitions, exclusions, and/or limitations pertaining to loss or damage to "personal property" within the CIC Policy.

### SEVENTEENTH AFFIRMATIVE DEFENSE

52. Plaintiffs' claims are barred or limited, in whole or in part, by the defense of offset and/or credit for payments previously made by defendant or others pertaining to the damages or areas of damage claimed by plaintiffs in this lawsuit.

### EIGHTEENTH AFFIRMATIVE DEFENSE

53. Defendant's conduct, actions, or omissions, if any, were not a producing cause of Plaintiffs' damages, if any.

### NINETEENTH AFFIRMATIVE DEFENSE

54.     Plaintiffs are unable to recover under the policy issued by CIC to the extent they failed to or are unable to segregate such damages caused by a non-covered cause of loss from damages caused by a covered cause of loss.

### TWENTIETH AFFIRMATIVE DEFENSE

55.     Plaintiffs' claims are subject to and/or barred or limited, in whole or in part, to the extent of the definitions, exclusions, and/or limitations pertaining to loss or damage to "personal property of others" within the CIC Policy.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

56.     Plaintiffs' claims are subject to and/or barred or limited, in whole or in part, to the extent of the definitions, exclusions, and/or limitations pertaining to loss or damage to property at any "location" within the CIC Policy.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

57.     Plaintiffs' claims are subject to and/or barred or limited, in whole or in part, to the extent of the definitions, exclusions, and/or limitations pertaining to loss or damage to property at any "newly acquired location" within the CIC Policy.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

58.     Plaintiffs' claims are subject to and/or barred or limited, in whole or in part, to the extent of the definitions, exclusions, and/or limitations pertaining to loss or damage to "property not covered" within the CIC Policy.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

59.     Plaintiffs' claims are subject to and/or barred or limited, in whole or in part, to the extent of the definitions, exclusions, and/or limitations pertaining to loss or damage to "off-site coverages" within the CIC Policy.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

60.     Plaintiffs' claims are subject to and/or barred or limited, in whole or in part, to

the extent of the definitions, exclusions, and/or limitations pertaining to loss or damage to "additional coverages" within the CIC Policy.

### CLAIM FOR ATTORNEYS' FEES

61. CIC affirmatively alleges this action arises out of contract and therefore, pursuant to A.R.S. § 12-341.01, CIC will be entitled to a discretionary award of reasonable attorney's fees in the defense of this action when it is determined to be the successful party herein.

### **JURY DEMAND**

62. CIC demands a trial by jury on the claims and issues involved in Plaintiffs' Complaint and this Answer.

WHEREFORE, Defendant, Continental Insurance Company respectfully requests judgment as follows:

1. That the Court dismiss all claims against CIC with prejudice;
2. That the Court declare that plaintiffs are not entitled to any order, damages, declaration, judgment, attorneys' fees and costs, or any other relief whatsoever as against CIC;
3. That the Court award CIC its costs and reasonable attorneys' fees incurred in this action; and
4. For such other and further relief as the Court deems just and proper.

DATED this 14th day of September, 2018.

        RICHARDS LAW OFFICE, P.C.

        By /s/ Charles F. Richards
           Charles F. Richards
           3550 North Central Avenue, Suite 1400
           Phoenix, Arizona 85012
           Attorney for Defendant Continental Insurance Company

| | |
|---|---|
| 1 | ORIGINAL of the foregoing transmitted this 14th day of September, 2018 to Pacer for E-Service on the Court pursuant to L.R. Civ. 5.5 and distributed electronically to the judge and participating counsel, registered participants of ECF, via NEF from the Court pursuant to Rule II(D)3. |

By /s/ Charles F. Richards

20180914 AN.docx