**SURRANO LAW OFFICES**
Attorneys at Law

7114 E. Stetson Dr., Suite 300
Scottsdale, Arizona 85251
Phone: (602) 264-1077
Fax: (602) 264-2213

Charles J. Surrano III (007732) cjs@surranolawfirm.com
John N. Wilborn (013714) jnw@surranolawfirm.com
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Gruber Motors, LLC, Gruber Industries, Inc., Peter M. Gruber,<br><br>Plaintiffs,<br><br>vs.<br><br>Auto-Owners Insurance Company, The Continental Insurance Company, a CNA Insurance Company, foreign insurers,<br><br>Defendants. | Case No.: CV-18-2760-PHX-SMM<br><br>**NOTICE OF INTENT TO SERVE SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** |

Pursuant to Fed. R. Civ. P., Rule 45 (a)(4), Plaintiff, through counsel undersigned, hereby gives notice to Defendant that Plaintiff intends to have served upon the Custodian of Records for J.S. Held, LLC, the attached Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action.

/ / /

/ / /

DATED: June 20, 2019.

SURRANO LAW OFFICES

By: s/ John N. Wilborn
Charles J. Surrano, III
John N. Wilborn
7114 E. Stetson Dr., Suite 300
Scottsdale, Arizona 85251
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2019, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Kevin C. Barrett
Jennifer M. Bahling
**Barrett & Matura, P.C.**
8925 E. Pima Center Pkwy., Suite 100
Scottsdale, Arizona 85258
kbarrett@barrettmatura.com
jbahling@barrettmatura.com
Attorneys for Defendant Auto-Owners Ins. Co.

Charles Richards
Richards Law Office, P.C.
1515 E. Missouri Ave., Suite 201
Phoenix, AZ 85014
cfr@rlopc.com

Anthony S. Cox
CNA Coverage Litigation Group
700 N. Pearl Street, Suite 450
Dallas, TX 75201
Anthony.cox@cna.com
Attorneys for Defendant The Continental Ins. Co., a CNA Ins. Co.

s/ D. Zborower

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Arizona

Gruber Motors, LLC, et al.
*Plaintiff*
v.
Auto-Owners Insurance Company, et al.
*Defendant*

Civil Action No. CV-18-2760-PHX-SMM

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records for J.S. Held, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit "A"

| Place: Surrano Law Offices<br>7114 E. Stetson Dr., Suite 300<br>Scottsdale, AZ 85251 | Date and Time:<br>07/5/2019 2:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/21/2019

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk*

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Gruber Motors LLC et al. , who issues or requests this subpoena, are:

John N. Wilborn, Surrano Law Offices, jnw@surranolawfirm.com, 602-264-1077 ext. 105.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. CV-18-2760-PHX-SMM

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________

______________________________ on *(date)* ____________ ; or

☐ I returned the subpoena unexecuted because: ______________________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT "A"**

You are requested to produce your **ENTIRE FILE**, *i.e.* **COVER-TO-COVER** regarding the matter of *Gruber v. Auto Owners Insurance Company, èt al.* with respect to all work you have done, or was requested of you to perform, on behalf of Defendant Auto Owners Insurance Company, by Barrett & Matura, P.C., or any other individual, whether affiliated with the law firm or attorney Barrett or otherwise.

Your "entire file" is meant to include, but is not limited to, the following items:

1. All correspondence, either authored by you or any member of your office, or received/obtained by your office;

2. All phone message slips/notes;

3. Copies of all billing statements or invoices submitted by your office to any person or entity;

4. Log notes of every kind and description;

5. In the event information is stored on computer hardware, you are specifically requested to print out all such data;

6. Copies of all e-mails or other electronically transferred or received data or information;

7. Copies of any recorded conversation or, in the alternative, copies of the actual tape (or other such device) recordings;

8. Any and all other documents not specifically mentioned herein. In the event any such documents sought have been discarded, please describe each and every such document separately, including in your description:

   a. The type of document, *e.g.*, letter, note, statement, invoice, etc.;
   b. Date the document was prepared or received;
   c. Date the document was destroyed or released by your office, and the reason(s) for the same; and

d. Current custodian(s) of the document.

9. A list of all employees, agents or representatives of your firm, who have performed **any** type of work in connection with this matter, including in your list said person's complete name, address and telephone number, private investigator's license number and date of birth. You are also requested to disclose whether such individuals remain employed by your firm and, if not, the date of, and reason for, termination/separation.